UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


HENRY J. DULAURENCE, III,      )
                               )
            Plaintiff,         )      CIVIL ACTION NO.
                               )      14-12349-DPW
v.                             )
                               )
ARTHUR TELEGEN, and LIBERTY    )
MUTUAL INSURANCE COMPANY,      )
                               )
            Defendants.        )


MEMORANDUM AND ORDER
March 31, 2015

Plaintiff Henry DuLaurence filed this action against

Liberty Mutual, his one-time employer, and Arthur Telegen, the

lawyer who represented Liberty Mutual during an employment

termination action that DuLaurence pursued against Liberty

Mutual in Massachusetts Superior Court.  He seeks relief from

two final judgments in Massachusetts: that entered in the

underlying employment action and that entered in a collateral

action that was dismissed pursuant to the anti-SLAPP (strategic

lawsuits against public participation) statute, Mass. Gen. Laws

ch. 231 § 59H, as well as damages arising from the conduct of

Liberty Mutual and Telegen during the Massachusetts litigation.

Defendants move to dismiss on various grounds.  Concluding that

I am without jurisdiction to review the state court judgments

and that indeed I would have an obligation did I have

jurisdiction to give full faith and credit to them, I dismiss
this action.

## I. BACKGROUND

The factual background provided here is derived from
DuLaurence's Amended Complaint and incorporated documents.  The
procedural background is derived from the Amended Complaint and
public records.  *Wilson* v. *HSBC Mortg. Servs., Inc.,* 744 F.3d 1,
7 (1st Cir. 2014)(in addition to the complaint, courts may
consider documents incorporated by reference in the complaint,
matters of public record, and other matters susceptible to
judicial notice).

Liberty Mutual is a Massachusetts corporation with a
principal place of business in Boston, Massachusetts.  Am.
Compl. ¶ 16.  DuLaurence worked for Liberty Mutual as an
attorney and was terminated in April 1995.  *Id.* ¶ 17.  Telegen
is a partner at the law firm Seyfarth Shaw.  *Id.* ¶ 15.

## A. *First Superior Court Action: The Underlying Employment Action*

DuLaurence brought an employment action in Suffolk Superior
Court in July 1995 against Liberty Mutual and several of its
employees alleging misconduct with respect to his termination
*Id.* ¶ 17.  Telegen represented Liberty Mutual and the
individually named defendants throughout that action.
DuLaurence brought claims in fourteen counts, thirteen of which

were dismissed on summary judgment. *Id*. ¶ 20. DuLaurence contends that summary judgment was improperly granted as a result of unethical and criminal conduct by Telegen and Liberty Mutual. *Id*. ¶ 21. These allegations involve discovery-related conduct, including failing to respond to interrogatories, instructing witnesses not to answer questions in depositions, and refusing to produce deponents. *See, e.g., id*. ¶¶ 21, 51, 52, 54, 55, 58. During the course of discovery, DuLaurence filed multiple interlocutory appeals disputing the Superior Court's discovery orders, all of which were denied by the Appeals Court. *Id*. ¶¶ 20, 49. Sanctions were assessed against DuLaurence in one of these appeals. *Id*. ¶ 70.

A jury trial took place in August 2004 against three Liberty Mutual employees on the sole remaining count of tortious interference with an employment relationship. *Id*. ¶ 23. The trial court directed a verdict in favor of one of the defendants, and the jury returned verdicts in favor of the remaining two defendants. *Id*. ¶ 24-25.[1] The court denied DuLaurence's post-trial motions. *Id*. ¶ 26.

---

[1] DuLaurence occasionally characterizes the jury verdict as having been in his favor, adding to his list of grievances his wrongful deprivation of damages pursuant to the jury's verdict. The characterization is incorrect. The jury verdict was a special verdict. While the jury found that one of the defendants acted with malice, it also found that he acted in Liberty Mutual's corporate interest. *Id*. ¶ 125. In DuLaurence's appeal of the employment action, he argued that

DuLaurence appealed the grant of summary judgment and the jury's verdict to the Massachusetts Appeals Court, which affirmed and then denied DuLaurence's petition for rehearing. *Id.* ¶ 26-27, 29; *see also DuLaurence* v. *Liberty Mut. Ins. Co.,* (Employment Action Appeal), 909 N.E.2d 558 (Mass. App. Ct. 2009). In that appeal, DuLaurence raised the argument that he was entitled to relief due to discovery violations by defendants. This argument was rejected because the court found that he had "not identified any specific judicial rulings or advanced any proper appellate argument to show any abuse of judicial discretion." *Id.* DuLaurence filed an Application for Further Appellate Review with the Massachusetts Supreme Judicial Court, which was denied. *Id.* ¶ 30. *DuLaurence* v. *Liberty Mut. Ins. Co.*, 914 N.E.2d 330 (Mass. 2009). DuLaurence then filed a petition for a Writ of Certiorari with the United States Supreme Court, which was also denied. *Id.* ¶ 31. *DuLaurence* v. *Liberty Mut. Ins. Co.*, 559 U.S. 1078 (2010).

---

this finding would have resulted in liability against Liberty Mutual if Liberty Mutual had remained in the case, and asked the Superior Court to amend the judgment and reconsider its ruling dismissing the wrongful termination count against Liberty Mutual on summary judgment. The judge declined to do so, and that decision was upheld on appeal. *DuLaurence* v. *Liberty Mut. Ins. Co.* (Employment Action Appeal), 909 N.E.2d 558 (Mass. App. Ct. 2009).

**B.    *Second Superior Court Action: The State Collateral Action***

DuLaurence filed a new complaint in the Superior Court in July 2010 against Liberty Mutual and Telegen.  *Id*. ¶ 32. DuLaurence alleged "tortious interference with the practice of law," abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud and deceit against Telegen and Liberty Mutual based on their conduct of the first Superior Court employment action.  DuLaurence also sought to set aside the judgment in the employment action pursuant to Mass. R. Civ. P. 60(b).  Telegen and Liberty Mutual filed a motion to dismiss pursuant to 12(b)(6) and the Massachustts anti-SLAPP statute, Mass. Gen. Laws c. 231 § 59H. *Id*. ¶ 37.  The Superior Court granted the Special Motion to Dismiss pursuant to anti-SLAPP and also granted the Rule 12(b)(6) motion, adopting the reasoning of the defendants without issuing a written opinion.  *Id*. ¶ 30.  The court denied DuLaurence's motion for reconsideration.  Telegen and Liberty Mutual filed a Request for Fees pursuant to the anti-SLAPP statute, and the Superior Court granted the request, awarding defendants $29,858.82.  *Id*. ¶ 42.  The court denied DuLaurence's motion for reconsideration of this award.

The Appeals Court affirmed the Superior Court's order as to the anti-SLAPP judgment, *DuLaurence* v. *Telegen* (Collateral Action Appeal), 979 N.E.2d 237 (Mass. App. Ct. 2012), and denied

a motion for rehearing.  Application for further review was denied by the Supreme Judicial Court, *DuLaurence* v. *Telegen*, 982 N.E.2d 1189 (Mass. 2013), and DuLaurence's petition for Certiorari to the United States Supreme Court was also denied, *DuLaurence* v. *Telegen*, 134 S.Ct. 897 (U.S. 2014).

## C.   *Instant Federal Collateral Action*

DuLaurence commenced this action by filing a complaint against Liberty Mutual and Telegen on June 3, 2014.  He filed an amended complaint on June 5, 2014.  In essence, DuLaurence contends that Liberty Mutual and Telegen engaged in unethical practices during the first Superior Court action by withholding discovery and making incorrect and misleading statements to the court about what had been provided in discovery.  DuLaurence seeks damages based on this conduct; he also seeks to have the judgments in the Employment and Collateral actions from Massachusetts state court be declared void.

The complaint alleges eleven counts as to both of the defendants, Liberty Mutual and Telegen. Count one is for an alleged violation of civil rights, pursuant to 42 U.S.C. § 1983. Counts two to four are counts alleging violations of federal criminal statutes.  Count two alleges obstruction of justice, under 18 U.S.C. § 1512(c)(1) and (2), count three alleges conspiracy to obstruct justice, 18 U.S.C. § 1512(c) and § 371,

and count four alleges obstruction of judicial proceedings, 18 U.S.C. § 1503.

Counts five to eight each seek to set aside the prior proceedings. Count five cites Rule 60(b)(3) of the Federal and Massachusetts Rules of Civil Procedure, count six cites Rule 60(b)(4) for the employment action, count seven cites Rule 60(b)(4) for the collateral action, and count eight cites the residual clause, Rule 60(b)(6). Count nine requests costs for unreasonable and vexatious multiplication of proceedings under 28 U.S.C. § 1927. Count ten alleges intentional interference with the practice of law. Count eleven alleges intentional infliction of emotional distress. Each of these counts concerns the conduct of Telegen and Liberty Mutual during litigation of the earlier state court proceedings.

Telegen and Liberty Mutual filed a motion to dismiss DuLaurence's amended complaint generally; the defendants also filed a special motion to dismiss pursuant to Massachusetts General Laws ch. 231, § 59H, the anti-SLAPP statute. In addition, the defendants filed a motion to enjoin vexatious litigation. For his part, DuLaurence has opposed each of these motions and also moved to strike the motion to enjoin vexatious litigation and for sanctions against Telegen and Liberty Mutual.

## II. THE DUTY OF THE FEDERAL COURT
## NOT TO INTERFERE WITH
## FINAL STATE COURT JUDGMENTS

The plaintiff in this case essentially seeks review and displacement of final state court judgments. Finding that I have an obligation not to do so: (A) because lower federal courts lack jurisdiction for such an undertaking, and (B) because even if jurisdiction were granted to entertain this litigation, I am affirmatively obligated to give full faith and credit to the relevant state judgments, I will dismiss this case without reaching the merits of plaintiff's substantive claims.

### A.   *Subject Matter Jurisdiction and the Rooker-Feldman Doctrine*

Although neither party raised concerns about this court's jurisdiction in this matter, I have an obligation to inquire *sua sponte* into my ability to exercise subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *McCulloch* v. *Velez*, 364 F.3d 1, 5 (1st Cir. 2004). As a general proposition, federal district courts may exercise subject matter jurisdiction in accordance with congressional grants of authority such as for jurisdiction over suits against foreign states, 28 U.S.C. § 1330, those raising federal questions, *id*. § 1331, and those involving diversity of citizenship and at least the minimum requisite amount in controversy, *id*. § 1332. *See Exxon Mobil Corp.* v. *Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

While DuLaurence has framed his claims in this action as arising under federal statutes, which typically leads to federal question jurisdiction, closer examination of the claims themselves makes clear that I do not have jurisdiction over this action. Congress granted authority for a federal court to review a state court judgment solely to the Supreme Court. 28 U.S.C. § 1257(a). In two cases, *District of Columbia Court of Appeals* v. *Feldman*, 460 U.S. 462 (1983) and *Rooker* v. *Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court held that the lower federal courts do not have subject matter jurisdiction when a plaintiff seeks to have a federal court other than the Supreme Court act as an appellate court reviewing final state proceedings. *Exxon*, 544 U.S. at 284-85. Under the so-called *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance* v. *Dennis*, 546 U.S. 459, 465 (2006).

The *Rooker-Feldman* doctrine "is not simply preclusion by another name," because it applies only in the limited circumstance "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance*, 546 U.S. at 465. The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284.

In *Exxon*, the Supreme Court noted that it has only found the *Rooker-Feldman* doctrine applicable in the two cases that form its name. *Id.* at 287. The Court expressed concern that lower courts have occasionally attempted to extend *Rooker-Feldman* far beyond the contours of the cases in abrogation of federal-court jurisdiction granted by Congress to be concurrent with the jurisdiction of state courts. *Id.* at 283. In *Lance*, the Court noted the "narrowness" of the *Rooker-Feldman* rule, in that it does not apply to parallel state and federal litigation, to review of executive or state administrative agency action, or to an action brought by a non-party to the prior state suit. *Lance*, 546 U.S. at 464.

This action, which is a repackaging of the state court appeal, however, is precisely the type of case designed to fit within the narrow confines of the *Rooker-Feldman* doctrine. The doctrine applies only to (1) a party who lost in a state-court judgment that (2) was rendered before the federal action commenced, where (3) the party complains of injuries caused by the state-court judgment and (4) invites district court review and rejection of those judgments. *See Silva* v. *Massachusetts*, 351 Fed.Appx. 450, 454 (1st Cir. 2009) (presenting the elements in a different order). It is beyond dispute that (1) DuLaurence

lost in state court and (2) that the state court proceeding was final. The First Circuit has held that "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state court proceedings have 'ended.'" *Id.* at 455. The two state court proceedings that form the foundation of this action proceeded to a final judgment in Superior Court, were appealed through the Massachusetts courts, and DuLaurence sought writs of certiorari on both to the Supreme Court, which were denied.

The questions whether (3) DuLaurence complains of injuries caused by the state court proceedings and (4) invites me to review and reject the state court judgments is only slightly more complex. Some of DuLaurence's claims, specifically his claims under Rule 60, explicitly ask me to review and reverse the state court decisions. He also purports to bring additional federal claims, such as those stemming from federal criminal law and federal civil rights law. The fact that the federal questions DuLaurence seeks to raise were not addressed by the state court in the specific terms of the federal statutes does not make a difference here. To be sure, the Supreme Court in *Exxon* did note that a plaintiff could bring an "independent claim" over which the federal courts would still have jurisdiction even if the claim denied a state court's legal conclusion. *Exxon*, 433 U.S. at 293. A claim is "independent"

when a party alleges that the injury was caused by the
defendant, separate from the state court decision. *See Galibois*
v. *Fisher*, 174 Fed. Appx. 579, 580 (1st Cir. 2006)(unpublished,
per curiam). However, DuLaurence's claims in this case are not
the type of independent claims that I may review. Rather, they
are directly and inextricably tied to the state court judgments
themselves.

First Circuit precedent is clear that a claim need not
directly assert that it is attempting to appeal or attack a
state court decision in order to fall within the scope of the
*Rooker-Feldman* doctrine. Rather, a plaintiff's claims may be
"an effort to do an end run around the state court's judgment."
*Miller* v. *Nichols*, 586 F.3d 53, 59 (1st Cir. 2009). The *Rooker-
Feldman* doctrine is properly applied "where, regardless of how
the claim is phrased, 'the only real injury to Plaintiffs is
ultimately still caused by a state-court judgment.'" *Silva* v.
*Massachusetts*, 351 F. App'x 450, 455 (1st Cir. 2009)(quoting
*Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.,*
471 F.3d 220, 223 (1st Cir. 2006)). "*Rooker-Feldman* squarely
applies" when the substance of a plaintiff's request would
require me to "review and reject a final state court judgment."
*Davison,* 471 F.3d at 223.

In this case, DuLaurence does not allege any violation or
misconduct by the defendants that occurred outside of or

separate from their conduct during the state court litigation. The only possible harm that DuLaurence suffered due to any discovery misconduct was as a result of the state court rulings based on that discovery. The relief requested by DuLaurence includes vacatur of the judgments in favor of defendants and entry of judgment for DuLaurence in the underlying actions. Throughout the complaint, in addition to attacking the conduct of the defendants and despite framing the counts as being directed to the two plaintiffs, DuLaurence also makes repeated allegations about unethical, criminal, and illegal conduct by the judges that presided over the case in state court. *See, e.g.,* Amend. Compl. ¶¶ 115-32.

If "a plaintiff implicitly or explicitly seeks review and rejection of the state judgment, then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts," which the *Rooker-Feldman* doctrine teaches means that the federal courts lack jurisdiction. *Federacion de Maestros de Puerto Rico* v. *Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005)(internal citations, quotation and correction marks omitted). Each of the claims that DuLaurence makes in this action is, explicitly or implicitly, asking me to review the conduct of the parties and the courts in the Massachusetts state action, to review the ultimate state court judgment, and to find

error that entitles him to relief from the state court judgments. DuLaurence's efforts to challenge the conduct of discovery and the rulings of judges in the state court action present themes and minor variations on the original state court actions themselves. While DuLaurence attempts to repackage these claims as federal questions, it is plain that the conduct and outcomes of which he complains are those from the earlier state lawsuits, and that he seeks recourse in federal court to re-litigate the same issues that came to final resolution in the state courts.

Although the *Rooker-Feldman* doctrine is a narrow one, the core of the doctrine is designed to address precisely these situations. DuLaurence asks me to act as a federal appellate court in these completed state proceedings. I do not have subject matter jurisdiction to do so.

## B. *Res Judicata*

Even if I did have jurisdiction, I would be obligated to conclude that the final judgments in state court preclude further review of the claims DuLaurence now makes. I give judgments the same *res judicata* effect they would receive in Massachusetts state court. *See generally* 28 U.S.C. § 1738; *see also Isaac* v. *Schwartz*, 706 F.2d 15, 16-17 (1st Cir. 1983). The term *res judicata* refers to two types of preclusion: claim preclusion and issue preclusion. *Kobrin* v. *Bd. of Registration*

14

*in Med.*, 832 N.E.2d 628, 634 (Mass. 2005). Claim preclusion makes a prior final judgment conclusive on parties, preventing them from re-litigating matters that were or could have been adjudicated in that action. *Id.* Claim preclusion requires "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Id.*

Issue preclusion prevents re-litigation of the same issue in a later action based on a different claim. *Id.* To find issue preclusion, a court must find that "(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." *Id.* Some of the allegations in this action are barred by both types of preclusion, but issue preclusion has the broader scope in this case.

Both doctrines require that there be a final judgment on the merits in the prior case, and DuLaurence contends that there has not been one here. While not every issue in this case has been determined by terms on the merits, the issues surrounding the conduct of discovery have been. During the first Superior Court action, three Superior Court judges issued discovery orders. DuLaurence took four interlocutory appeals to the

Appeals Court, and his appeals were denied each time.  After summary judgment and trial, DuLaurence again appealed the discovery rulings and violations he alleged below.

The Appeals Court in the employment action noted that it was "unnecessary to enter th[e] thicket" of the parties' motions and allegations of misconduct because DuLaurence had not identified any judicial ruling that showed an abuse of judicial discretion. *DuLaurence*, 909 N.E.2d 558.  While DuLaurence argues that the Appeals Court failed to consider his allegations of discovery abuse seriously because they refused to engage at great length with the record, his argument misses the point: discovery is left to the discretion of the trial judge, and an appellate court has need only to satisfy itself that the appealing party has not shown that the judge abused her discretion in particular rulings.  *See Solimene* v. *B. Grauel & Co.*, 507 N.E.2d 662, 668 (Mass. 1987)("The conduct and scope of discovery is within the sound discretion of the judge . . . we do not interfere with the judge's exercise of discretion in the absence of a showing of prejudicial error resulting from an abuse of discretion.")(citations omitted).  The Appeals Court held, on the merits, that DuLaurence had not shown he was entitled to any relief due to the conduct of discovery.

The finality of that ruling was acknowledged by the Appeals Court again, in the appeal of the collateral action. 979 N.E.2d 237, n. 2. In that decision, the Appeals Court wrote:

> DuLaurence's factual allegations in this action closely tracked those raised in his appeal from the adverse judgment. In that appeal, DuLaurence maintained that he was entitled to relief from the judgment based on the 'egregious discovery violations that clearly prejudiced his case.' According to DuLaurence, the defendants' misconduct included violations of numerous court orders, withholding evidence, misleading judges, misrepresentation, the violation of 'almost every disciplinary rule,' and fraud on the court. DuLaurence's argument regarding the discovery abuses did not meet proper appellate standards. He therefore failed to show prejudicial error or an abuse of discretion. *See DuLaurence* v. *Liberty Mut. Ins. Co.*, 74 Mass. App. Ct. 1125 (2009). The adverse judgment and the unfavorable discovery rulings are now final and not subject to collateral attack in this proceeding.

Similarly, in this action, DuLaurence seeks to re-litigate the underlying alleged discovery violations and related misconduct by both defendants and the trial court judge. His failure to challenge those rulings successfully on appeal in the employment action, however, precludes him from challenging them in any subsequent action.

The fact that DuLaurence has brought some claims in this case that differ by terms from those in the state actions does not affect this analysis. Identity of critical issues, for purposes of issue preclusion, need not have been asserted in identical claims, so long as there is sufficient overlap between

the claims. *Alba* v. *Raytheon*, 809 N.E.2d 516, 522 (Mass. 2004).
Similarly, for claim preclusion, the claims need not be
completely identical — a cause of action is a set of facts
characterized as a single transaction or series of related
transactions, and the "cause of action" for purposes of claim
preclusion is identified by a common nucleus of operative facts
even if those facts give rise to multiple counts under different
legal theories. *Apparel Art Int'l, Inc.* v. *Amertex Ent. Ltd.*,
48 F.3d 576, 583 (1st Cir. 1995).

The state court held that DuLaurence had not shown that the
Superior Court judges abused their discretion in resolving
discovery-related conflicts. Even though DuLaurence claims that
the courts got it wrong in the prior action, he may not
relitigate that proposition here. *See Baltimore S.S. Co.* v.
*Phillips*, 274 U.S. 316, 325 (1927)("the effect of the judgment
. . . is the same whether resting upon an erroneous view of the
law or not. A judgment merely voidable because based upon an
erroneous view of the law is not open to collateral attack, but
can be corrected only by a direct review and not by bringing
another action upon the same cause.")

While this will likely be little comfort to DuLaurence, as
a technical matter, there was not a judgment on the merits as to
the 12(b)(6) motion in the second Superior Court action. The
Superior Court in the collateral action dismissed on two grounds

18

stated in the alternative: anti-SLAPP and 12(b)(6). While 12(b)(6) is usually a dismissal on the merits with *res judicata* effect, *Isaac*, 706 F.2d at 17, when "a judgment of a court of first instance . . . is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment . .. is not conclusive with respect to either issue standing alone" unless both are affirmed on appeal. *York Ford, Inc.* v. *Bldg Inspector & Zoning Adm'r of Saugus*, 647 N.E.2d 85, 87-88 and n. 6,7 (Mass. App. Ct. 1995)(quoting Restatement (Second) of Judgments § 27 comment i (1982)). Here, the Appeals Court affirmed the dismissal on the grounds of the anti-SLAPP statute, a statute that does not turn on the merits of the underlying claims, and did not reach the alternative grounds of 12(b)(6); consequently, the 12(b)(6) ruling of the Superior Court in the collateral action is not a final judgment on the merits.

The Superior Court decision in the collateral action and the decision on appeal did, however, determine the merits of the anti-SLAPP motion, finding that the activity was protected petitioning activity that warrants protection under the statute. That determination from the collateral action is therefore given preclusive effect as, of course, are the final determinations of the original state action. Accordingly, I conclude that even if I did have jurisdiction, the state actions resolved with

finality against DuLaurence the very issues and claims that
DuLaurence attempts to raise again here.  He is precluded from
relitigating them.

### III. DEFENDANTS' MOTION TO ENJOIN VEXATIOUS LITIGATION AND PLAINTIFF'S MOTION TO STRIKE AND REQUEST FOR SANCTIONS

Because I lack jurisdiction to reach the merits of — or
perhaps more accurately, the manifest lack of merit to —
DeLaurence's Complaint, I have considered it inappropriate to
address those merits in connection with the defendants' motions
to dismiss.  But the defendants, understandably apprehensive of
DeLaurence's prolonged pursuit of meritless claims, seek an
injunction from this Court to protect them against future
litigation by the plaintiff.  Demonstrating the lack of self
awareness and professional competence which has characterized
his pursuit of this related litigation, DeLaurence for his part
requests sanctions of his own against the defendants.

Telegen and Liberty Mutual move, pursuant to Rule 11 of the
Federal Rules of Civil Procedure and the inherent powers of the
court, for an order enjoining DuLaurence from filing any further
actions against defendants without my leave and until he has
paid the attorneys' fees and costs that they were awarded in the
anti-SLAPP ruling of the collateral action by the state court.

Federal courts have discretionary powers to regulate the
conduct of litigants, including "the ability to enjoin a party —

even a pro se party — from filing frivolous and vexatious motions." *United States* v. *Gomez-Rosario*, 418 F.3d 90, 101(1st Cir. 2005).  While even a pro se litigant is not immunized from sanctions, *Jones* v. *Social Security Administration*, 2004 WL 2915290, *4 (D. Mass. Dec. 14, 2004).  I note that DuLaurence has been a Massachusetts licensed attorney since 1968, according to the Board of Bar Overseers.[2]

This action is nearly identical to the collateral action brought and dismissed in state court prior to this suit.  Both this action and the state court collateral action are primarily based on discovery violations and rulings that took place in the employment action, a case that previously resolved on the merits the same discovery and related issues that are at the heart of DuLaurence's claims here.  As in *Castro* v. *United States*, DuLaurence has "made allegations in previous suits that are virtually identical to certain allegations made in the instant case," and has demonstrated a "propensity to repeatedly file suit against the same defendants . . . even in the face of adverse judgments."  775 F.2d 399, 409 (1st Cir. 1985), abrogated on other grounds by *Stevens* v. *Dep't of the Treasury*, 500 U.S. 1 (1991).

---

[2]  DeLaurence is currently in inactive status as a member of the Massachusetts bar.  His right of audience here is based on his *pro se* status to pursue personal claims and not as a member of the bar.

Yet DuLaurence asks that the motion to enjoin vexatious litigation be stricken and that sanctions be ordered instead against Telegen and Liberty Mutual. The request to strike is without foundation, and the motion for sanctions against the defendants is denied as both procedurally and substantively insufficient. Fed. R. Civ. P. 11(c)(2).

The employment action was filed, litigated, tried to a jury, and appealed. DuLaurence lost. His filing of the state court collateral action demonstrates his obdurate and heedless inclination to continue challenging, without good reason and without a procedurally valid mechanism for doing so, the judgment in the employment action, despite a final and valid judgment. For that exercise, he faces state court sanctions. He has now continued his meritless challenge to the underlying state court judgment in this court.

DuLaurence's vitriolic language in this action, including personal attacks on the judges who have decided his cases in the past, suggest that he is unlikely to accept the decision in this case either. Nonetheless, the principal ground for dismissal was not one identified by the defendants in the motion to dismiss submissions and DeLaurence himself appears without competence in federal litigation. Because DeLaurence might be considered unfamiliar with the legal principles which bar this case in this court, I will not now enter the injunction

defendants seek.  Further litigation on these matters in this court, however, will likely result in severe consequences about which DeLaurence, irrespective of his prior unfamiliarity with federal practice, is now on clear notice

## IV. CONCLUSION

For the reasons set forth more fully above, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Independent Action to Set Aside Superior Court Judgment (Doc. No. 14) is GRANTED;

2. Defendants' Special Motion to Dismiss Plaintiff's Complaint Pursuant to Mass. Gen. Laws Ch. 231, § 59H (Doc. No. 18) is treated as MOOT;

3. Defendants' Motion to Enjoin Vexatious Litigation (Doc. No. 23) is DENIED;

4. Plaintiff's Motion to Strike and Request for Sanctions (Doc. No. 24) is DENIED.

*/s/ Douglas P. Woodlock*_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE